IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00247-BNB

CRAIG C. RALSTON,

   Plaintiff,

v.

SHERIFF GARY WILSON,
DIVISION CHIEF GALE, and
CHAPLAIN HOSEA CANNON,

   Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

   Plaintiff, Craig C. Ralston, is detained at the Denver County Jail in Denver, Colorado. He initiated this action by filing *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 asserting a deprivation of his constitutional rights. Mr. Ralston has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

   The Court must construe the Complaint liberally because Mr. Ralston is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Complaint and has determined that it is deficient. For the reasons discussed below, Mr. Ralston will be ordered to file an amended complaint.

   Mr. Ralston alleges that he is a Messianic Jew and has been denied a strictly Kosher diet. Plaintiff also contends that Defendants Gale and Wilson ignored his kites and grievances. Plaintiff asserts a violation of his First Amendment and Fourteenth

Amendment rights and seeks injunctive and monetary relief.

The Complaint is deficient because Mr. Ralston fails to allege the personal participation of Defendant Wilson, the Denver County Sheriff, and Defendant Gale, the Division Chief, in a violation of his constitutional rights.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Furthermore, Defendants Wilson and Gale cannot be held liable for denying Plaintiff's grievances at different levels of administrative review.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v.*

*Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").  Accordingly, it is

ORDERED that Plaintiff, Craig C. Ralston, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Ralston shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Ralston fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court may dismiss some of the claims and defendants without further notice for the reasons discussed above.  It is

DATED January 30, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge