IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00247-BNB

CRAIG C. RALSTON,

    Plaintiff,

v.

SHERIFF GARY WILSON,
DIVISION CHIEF GALE, and
CHAPLAIN HOSEA CANNON

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

    Plaintiff, Craig C. Ralston, is an inmate at the Denver County Jail. He initiated this action on January 28, 2014, by filing a Prisoner Complaint (ECF No. 1) asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. He filed an Amended Prisoner Complaint on February 12, 2014 (ECF No. 8). The Amended Prisoner Complaint asserts new allegations against Defendants Wilson and Gale, and otherwise incorporates by reference the allegations of the original Prisoner Complaint.

    Mr. Ralston has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319,

324 (1989).

The Court must construe the Amended Prisoner Complaint liberally because Mr. Ralston is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. See *Hall*, 935 F.2d at 1110. The Court has reviewed the Amended Prisoner Complaint and has determined that it is deficient. For the reasons discussed below, the Amended Prisoner Complaint will be dismissed, in part, and the remainder drawn to a presiding judge, and, if appropriate, to a magistrate judge.

Mr. Ralston asserts in the original Prisoner Complaint that he is a Messianic Jew and has been denied a strictly Kosher diet by Defendant Cannon in violation of his First Amendment and Fourteenth Amendment rights. (ECF No. 1 at 2-3). In the Amended Prisoner Complaint, Mr. Ralston contends that Defendants Gale and Wilson ignored his kites and grievances in violation of the "Formal Grievance procedure and protocol" set forth in the "Inmate Handbook*.*" (ECF No. 8 at 4-5). He seeks injunctive relief and monetary damages.

Mr. Ralston is suing Defendants Gale and Wilson for refusing to review the appeal from the denial of his grievance. It is well-established that "the denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir.2012) (quotation omitted); *see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009); *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. 2009). Moreover, "[m]erely sending grievances to a warden is not enough to attach

liability." *See Phillips v. Tiona*, 508 Fed. Appx. 737, 744 (10th Cir. 2013).

In his Amended Prisoner Complaint, Mr. Ralston asserts that it is not the denial of the grievance that violates his constitutional rights but, instead, the fact that Defendants Wilson and Gale "did not follow proper [prison grievance] procedure which does create the necessary causal link to the violation of plaintiff's rights." (ECF No. 8 at 4). These allegations do not support a claim against Defendants Gale and Wilson because they fail to assert the requisite "personal involvement in the alleged constitutional violation." *See Blaurock v. Kansas Dept. of Corrections,* 526 Fed. Appx. 809, 813-14 (10th Cir. 2013) (holding that Plaintiff's claim based on errors in grievance procedures was not improperly dismissed); *Brodsky v. City and County of Denver,* No. 10-cv-01625-MSK-MEH, 2011 WL 4972087, at *13 (D. Colo. Oct. 19, 2011) (dismissing claim concerning failure of defendants to respond to grievances).

Moreover, inmates like Mr. Ralston, do not have an independent constitutional right to administrative grievance procedures. *See Boyd v. Werholtz*, No. 10-3284, 2011 WL 4537783, at *1 (10th Cir. Oct. 3, 2011). "Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process." *Id.* (citing *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure)); *see also Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (finding that "[a] prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest . . . ." (quotation and brackets omitted)). Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's

right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievances." *Walters v. Corr. Corp. of Am.,* 119 Fed. Appx. 190, 191 (10th Cir. 2004) (quoting *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

Mr. Ralston does not allege a violation of the constitutional right of access to the courts. He does not allege that he was denied the ability to file grievances, initiate litigation, or otherwise engage in activities involving his First Amendment petition rights. His only complaint is that Defendants Gale and Wilson did not respond to his grievances in accordance with prison grievance procedures, which is insufficient to demonstrate a constitutional violation. *See Walters,* 199 Fed. Appx. at 191; *Blaurock,* 526 Fed. Appx. at 813-14; *Brodsky,* 2011 WL 4972087, at *13. Therefore, the claim against Defendants Gale and Wilson is dismissed.

After review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that Mr. Ralston's claim against Defendant Cannon in the original Prisoner Complaint does not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge, and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that Plaintiff's claim against Defendants Gale and Wilson is DISMISSED and the Amended Prisoner Complaint is STRICKEN. It is

FURTHER ORDERED that Sheriff Gary Wilson and Division Chief Gale are dismissed as parties to this action. It is

FURTHER ORDERED that the case shall be drawn to a presiding judge and, if appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this   24th   day of    February   , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court